## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| **CHUCK WILLIS** | **CASE NO. 17-00160-NPO** |
| **DEBTOR** | **CHAPTER 7** |

| | |
|---|---|
| **CHUCK WILLIS** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 17-00025-NPO** |
| **TOWER LOAN OF MISSISSIPPI, LLC, d/b/a** | |
| **TOWER LOAN OF CRYSTAL SPRINGS** | **DEFENDANT** |

### DEFENDANT TOWER LOAN'S
### MOTION TO DISMISS OR, ALTERNATIVELY,
### TO COMPEL ARBITRATION AND TO DISMISS OR STAY CLAIMS PENDING
### ARBITRATION

Tower Loan of Mississippi, LLC ("Tower Loan") submits this Motion to Dismiss or, Alternatively, to Compel Arbitration and to Dismiss or Stay Claims Pending Arbitration ("Motion") in the above-styled adversary proceeding,[1] asking that the Court dismiss all claims asserted by Chuck Willis ("Debtor") against Tower Loan pursuant to Fed. R. Bankr. P. 7012, incorporating Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure. Alternatively, Tower Loan asks the Court to compel the arbitration of all of the Debtor's claims against Tower Loan and to dismiss or stay the claims pending arbitration.

### STATEMENT REQUIRED BY MISS. BANKR. L.R. 7012-1

---

[1] For citation purposes, Tower Loan identifies documents from the bankruptcy proceeding by noting the case number ("17-00160-NPO"), followed by the document's docket number and the page cited. All other citations citing a docket number refer to documents filed in this adversary proceeding. Miss. Bankr. L.R. 7012-1 requires a party filing a motion to dismiss to comply with the requirements of Miss. Bankr. L.R. 7056-1(3). Tower Loan, therefore, incorporates herein its Memorandum filed contemporaneously herewith.

{JX268185.2}                                        1

1.      Tower Loan contends that the claims asserted by the Debtor are non-core. Tower Loan does not consent to entry of final orders or judgment by the Bankruptcy Court.

### MOTION TO DISMISS FOR LACK OF STANDING

2.      The Debtor has asserted claims against Tower Loan for alleged violation of the Truth in Lending Act in connection with a pre-petition loan made by Tower Loan to the Debtor. *See* Complaint, [**Dkt. #1**].

3.      As a threshold issue, the Debtor must establish that he has standing to assert the claims and is the real party in interest under Fed. R. Bankr. P. 7017, incorporating Fed. R. Civ. P. 17.  The Debtor cannot sustain this burden.

4.      On November 8, 2016, the Debtor entered into an Installment Loan Agreement ("Loan Agreement") with Tower Loan, borrowing $4,481.98.  **Ex. A hereto at 1**.

5.       On January 17, 2017, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6.      On March 6, 2017, Debtor filed an amended Schedule A/B (Official Form 106 A/B), indicating that he had two contingent or unliquidated claims which were not previously disclosed: a claim against creditor Freedom Shield and a "potential truth in lending and fraud claim(s) against Tower Loan."  **17-00160-NPO, Dkt. [47] at 7**.

7.      On March 17, 2017, Trustee Stephen Smith filed a notice of change of status, indicating that he had "discovered assets which may result in a distribution to creditors of the estate."  **17-00160-NPO, Dkt. [50]**.

8.      While Tower Loan disputes the merits of the claims asserted in the Complaint, those claims purportedly arose prior to the filing of the bankruptcy petition.  Thus, as a matter of law, the claims the Debtor has asserted against Tower Loan are property of the Debtor's Chapter

7 bankruptcy estate pursuant to 11 U.S.C. §541. Those claims have not been abandoned from the estate under 11 U.S.C. §544. Consequently, the Trustee, and not the Debtor, has standing to assert the claims and is the real party in interest.

9. The Complaint should be dismissed pursuant to Fed. R. Bankr. P. 7012, incorporating Fed. R. Civ. P. 12(b)(1) and/or (3).

## ARBITRATION

10. To avoid any potential waiver of the right to arbitrate, Tower Loan also asserts in the alternative that the Court should compel arbitration regardless of whether the Debtor or the Trustee is the proper plaintiff and should dismiss or stay this Adversary Proceeding pending arbitration.

11. On November 8, 2016, Debtor Chuck Willis entered into an Installment Loan Agreement ("Loan Agreement") with Tower Loan, borrowing $4,481.98. Ex. A hereto at 1. The Loan Agreement states, in bold, capital print, the following:

> ARBITRATION AGREEMENT: BY SIGNING BELOW AND OBTAINING THIS LOAN, BORROWER AGREES TO THE ARBITRATION AGREEMENT ON THE ADDITIONAL PAGES OF THIS AGREEMENT. YOU SHOULD READ IT CAREFULLY BEFORE YOU SIGN BELOW.

*Id.*

12. The Debtor signed the Loan Agreement, thereby acknowledging the existence of the Arbitration Agreement with Tower Loan and specifically agreeing to be bound by its terms. *Id.*

The Arbitration Agreement consists of a single page and is distinctly titled "ARBITRATION AGREEMENT." *Id.* at 2. The Arbitration Agreement expressly states that the parties agree "that the Federal Arbitration Act applies to this transaction," and further states as follows:

{JX268185.2}                                3

> This arbitration agreement applies to all claims and disputes between Borrower and Lender. The Arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the Arbitration Agreement, or [] to the arbitrability of any claim or counterclaim.

*Id.*

13.    Under the terms of the Arbitration Agreement, Debtor agreed to arbitrate "all claims and disputes arising out of, in connection with, or relating to," *inter alia*, the subject loan, the validity of the arbitration agreement, all claims or disputes based on federal or state laws or regulations, and claims or disputes "involving or alleging breach of contract, fraud or misrepresentation (including fraud in the inducement), breach of fiduciary duty, breach of duty of good faith and/or fair dealing, negligence, torts, bad faith, and demands for punitive damages or attorney's fees." *Id.*

14.    As set forth in more detail in the Memorandum, the Court should compel arbitration and dismiss the claims or stay those claims pending arbitration.

15.    In support of its Motion, Tower Loan submits the following exhibits:

- Exhibit A: Installment Loan Agreement and Disclosure Statement.
- Exhibit B: "Memorandum Opinion and Order Granting Motion of the Bilco Company for Relief from the Automatic Stay to Complete Arbitration," *In re Katon, Inc.*, Case No. 08-02266-NPO, Dkt. No. 73 (Bankr. S.D. Miss. Nov. 13, 2008).

WHEREFORE, Tower Loan requests that the Court dismiss the Complaint. Alternatively, Tower Loan requests that the Court compel arbitration and dismiss the claims or stay those claims pending arbitration.

Respectfully submitted, this the 6th day of July, 2017.

        TOWER LOAN OF MISSISSIPPI, LLC

        By Its Attorneys
        JONES WALKER LLP

        /s/Kaytie M. Pickett
        Kaytie M. Pickett

Adam Stone (MSB No. 10412)
Kaytie M. Pickett (MSB No. 103202)
Jackie R. Bost, II (MSB No. 102909)
JONES WALKER LLP
190 E. Capitol St., Ste. 800 (39201)
P.O. Box 427
Jackson, MS  39205-0427
Telephone: (601)949-4900
Facsimile: (601)949-4804
astone@joneswalker.com
kpickett@joneswalker.com
jbost@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing document with the Clerk's office via the Court's ECF system which sent electronic notification of such filing to the following:

> Stephen Smith
> Trustee
> Trustee1@smithcpafirm.com
>
> John S. Simpson
> Stacey Moore Buchanan
> sbuchanan@simpsonlawfirm.net
>
> Richard R. Grindstaff
> Bryce C. Kunz
> grindstaf@yahoo.com
> brycekunzlaw@gmail.com

This, the 6th day of July, 2017.

/s/Kaytie M. Pickett
Kaytie M. Pickett

Adam Stone (MSB No. 10412)
Kaytie M. Pickett (MSB No. 103202)
Jackie R. Bost, II (MSB No. 102909)
JONES WALKER LLP
190 E. Capitol St., Ste. 800 (39201)
P.O. Box 427
Jackson, MS  39205-0427
Telephone: (601)949-4900
Facsimile: (601)949-4804
astone@joneswalker.com
kpickett@joneswalker.com

{JX268185.2}                                    6