# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

CHUCK WILLIS,                                                                          CASE NO. 17-00160-NPO

DEBTOR                                                                                  CHAPTER 7


CHUCK WILLIS                                                                            PLAINTIFF

v.                                                                                          ADV. PROC. NO. 17-00025-NPO

TOWER LOAN OF MISSISSIPPI, LLC dba TOWER LOAN                    DEFENDANT
OF CRYSTAL SPRINGS

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
[*ADV. PROC. DKT. #3*]

Defendant Tower Loan of Mississippi, LLC files the following Amended Answer and Affirmative Defenses in response to the Adversary Proceeding Complaint filed by Debtor/Plaintiff Chuck Willis.  This amended answer is filed in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, incorporated by reference into Rule 7015 of the Federal Rules of Bankruptcy Procedure, as counsel for Debtor has given written consent to its filing. Further, in accordance with Federal Rules of Bankruptcy Procedure 7012(b) and 9015(a), Miss. Bank. L.R. 7012-1 and 9015-1, and Federal Rule of Civil Procedure 38, Country Credit, LLC demands a jury trial on all of the claim raised in the Adversary Proceeding Complaint, and Country Credit, LLC does not consent to having a jury trial conducted by a Bankruptcy Judge under 28 U.S.C. § 157(e) or to the entry of final orders or judgment by the Bankruptcy Court.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

{JX293670.1}

## SECOND DEFENSE

Defendant affirmatively asserts all protections and defenses available to it under the Truth in Lending Act, 15 USC § 1601, *et seq*. and any applicable regulations implementing that Act.

## THIRD DEFENSE

To the extent Plaintiff seeks to recover payments for a service he received, Plaintiff's claims are barred or reduced by the principles of unjust enrichment.

## FOURTH DEFENSE

Plaintiff fails to plead allegations of fraud with sufficient particularity.

## FIFTH DEFENSE

Plaintiff fails to plead items of special damages with sufficient particularity.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

Any award of punitive damages in this matter would violate the rights of Defendant as guaranteed by Article I and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and by Article 1, §§ 1, 6 and 22, and Article 3, §§ 14, 16, 22, 26, 28 and 31 of the Mississippi Constitution.

## EIGHTH DEFENSE

Plaintiff fails to state whether he consents to entry of final orders or judgment by the Bankruptcy Court as required by Miss. Bankr. L.R. 7008-1.  As stated above, Defendant does not consent to the entry of final orders or judgment by the Bankruptcy Court.

### NINTH DEFENSE

Plaintiff's claims for punitive damages are subject to Miss. Code Ann. § 11-1-65.

### TENTH DEFENSE

Some of Plaintiff's claims are barred by the doctrine of laches.

### ELEVENTH DEFENSE

Pursuant to the arbitration agreement executed by Plaintiffs and 9 U.S.C. § 1, et seq., any and all claims against Defendant should be compelled to arbitration. Therefore, this Court lacks subject matter jurisdiction. A full copy of the contract containing the arbitration clause is attached as Exhibit "A" to this amended answer.

### TWELFTH DEFENSE

Defendant responds to the Complaint as follows:

### ANSWER

1. Defendant admits that the Plaintiff alleges that Tower violated the Truth in Lending Act. Defendant denies that it did violate the Truth in Lending Act. To the extent this paragraph contains any other allegations, they are denied.

2. Because there is a valid and enforceable arbitration clause, Defendant denies that the Court has subject matter jurisdiction.

3. Denied.

4. Admitted.

5. Admitted.

### Parties

6. Admitted.

7. Admitted.

**Facts**

8. Defendant admits that Plaintiff entered into a loan agreement on November 8, 2016. Tower denies that a complete copy of that agreement is attached to the Complaint. A complete copy of that agreement is attached as Exhibit "A" to this Answer..

9. Admitted.

10. Defendant admits that there is a Disclosure Statement and that it contains and Itemization of Amount Financed. To the extent this paragraph contains any other allegations, they are denied.

11. The itemization of amount financed on the Disclosure Statement speaks for itself. Defendant denies "it explains how the Amount financed of the Loan was distributed."

12. Denied.

13. Defendant admits that it was paid a Commission for some of the items listed in amounts paid to others. Defendant denies that it did not pay the full amounts listed in the Itemization of Amounts Financed.

14. Defendant admits that it was paid a commission (which it retained) for the Car Club membership.

15. Defendant admits that it was paid a commission (which it retained) for the sale of a Credit Life Insurance policy, a Credit Disability Insurance policy, and a Property Insurance policy. Defendant admits it is paid a commission for the sale of a Liberty Motor Club membership. To the extent this paragraph contains any other allegations, they are denied.

16. Denied.

17.     Defendant admits that it knew it would be paid a commission for the sale of some of the items listed in the Itemization.  To the extent this paragraph contains any other allegations, they are denied.

### Claim for Relief - Violations of Truth in Lending Act

18.     Defendant reasserts and incorporates its answers to the proceeding paragraphs.

19.     This paragraph contains a legal conclusion that does not require a response. To the extent this paragraph contains any allegations, they are denied.

20.     Denied.

21.     Denied.

22.     Defendant denies that it made improper disclosures. Defendant denies Plaintiff is entitled to any damages. To the extent this paragraph contains any other allegations, they are denied.

23.     Denied.

24.     To the extent the paragraph beginning "WHEREFORE" contains any allegations, those allegations are denied and Defendant denies that Plaintiff is entitled to any of the relief requested.

Having answered the Complaint, Tower Loan of Mississippi, LLC prays that a judgment be entered in its favor on all claims asserted against it in this matter and that all claims asserted against it be dismissed with prejudice. Tower Loan of Mississippi, LLC further prays for any relief this Court may deem appropriate.

THIS, the 30th day of October, 2017.

        Respectfully submitted,

        TOWER LOAN OF MISSISSIPPI, LLC

        By Its Attorneys
        JONES WALKER, LLP

        By: */s/ Adam Stone*

Adam Stone (MSB No. 10412)
Kaytie M. Pickett (MSB No. 103202)
Jeffrey R. Barber (MSB No. 1982)
JONES WALKER LLP
190 East Capitol St., Suite 800 (39201)
P.O. Box 427
Jackson, MS 39205-0427
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
astone@joneswalker.com
kpickett@joneswalker.com
jbarber@joneswalker.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day filed the foregoing document via the Court's electronic filing system which sent notification of such filing to the following:

        Stephen Smith
        Trustee
        trustee1@smithcpafirm.com

        John S. Simpson
        Stacey Moore Buchanan
        sbuchanan@simpsonlawfirm.net

        Richard R. Grindstaff
        Bryce C. Kunz
        grindstaf@yahoo.com
        brycekunzlaw@gmail.com

    This, the 30th day of October, 2017.

        */s/ Adam Stone*
        ADAM STONE